IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEREMY VOS,

        **Plaintiff,**

        v.                          CASE NO. 21-3170-SAC

J. LONG, et. al,

        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in custody at the Butler County Jail in El Dorado, Kansas ("BCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis*. On September 7, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 11) ("MOSC") granting Plaintiff until October 7, 2021, in which to show good cause why his Amended Complaint should not be dismissed. Plaintiff was also granted the opportunity to file a second amended complaint to cure the deficiencies. This matter is before the Court on Plaintiff's Motion for Injunctive Relief (Doc. 12).

Plaintiff states in his motion that "[t]here is continued medical negligence that is putting [Plaintiff] at unnecessary danger to serious complications from diabetes. Including today when there was another delay in medical care." (Doc. 12, at 1.) Plaintiff does not state what injunctive relief he is seeking other than asking the Court "to issue an injunction order to all defendants in the lawsuit." *Id*.

Plaintiff alleges in his Amended Complaint (Doc. 9) that he has type 1 diabetes and when he asked to have his blood sugar checked on July 9, 2021, the deputy adjusted a TV prior to

1

checking Plaintiff's blood sugar level. In the MOSC, the Court explained to Plaintiff that he failed to state a claim for relief based on the slight delay in receiving his blood sugar test. Plaintiff failed to show that the officials were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference. The Court directed Plaintiff to show good cause why his medical claim should not be dismissed for failure to state a claim.

Plaintiff's motion for injunctive relief provides no details as to what medical care he believes defendants were negligent in providing and it appears as though he is concerned with another delay in receiving medical care. Plaintiff provides no facts to support his request for injunctive relief.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact

on public safety" and on prison operation.  18 U.S.C. § 3626(a)(2).  Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above.  *Little*, 607 F.3d at 1251.  Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.  The motion is therefore denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Injunctive Relief (Doc. 12) is **denied**.

**IT IS SO ORDERED**.

**Dated September 14, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**